# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-34V
(Unpublished)

```
* * * * * * * * * * * * * * * * * * * * * * * *   *
                                                  *
                                                  *
SUSAN TEHENNEPE,                                  *   Special Master Katherine E. Oler
                                                  *
          Petitioner,                             *
                                                  *
v.                                                *   Filed: April 1, 2021
                                                  *
                                                  *
SECRETARY OF HEALTH AND                           *
HUMAN SERVICES,                                   *   Petitioner's Motion for a Decision;
                                                  *   Dismissal of Petition; Vaccine Act
          Respondent.                             *
                                                  *
* * * * * * * * * * * * * * * * * * * * * * * *   *
```

*Leah Durant*, Law Offices of Leah V. Durant, PLLC, for Petitioner
*Voris Johnson*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION DISMISSING PETITION[1]

### I.     Procedural History

On January 4, 2019, Susan TeHennepe ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she developed shoulder injury related to vaccine administration ("SIRVA") from the influenza vaccination she received on October 11, 2017. Pet. at 1, ECF No. 1. Petitioner filed statements of completion on April 24, 2019 and June 24, 2019. ECF Nos. 10, 13.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

In support of her Petition, Petitioner filed medical records and massage therapy records on January 14, 2019 (Exs. 1-5), April 24, 2019 (Ex. 6), June 24, 2019 (Ex. 8), October 30, 2020 (Ex. 15), and December 3, 2020 (Ex. 22). Petitioner filed an affidavit on April 24, 2019. Ex. 7. Petitioner filed supplemental affidavits on June 24, 2019 (Ex. 9), and on December 1, 2020 (Ex. 16).

On December 11, 2019, Chief Special Master Corcoran held a status conference. *See* Scheduling Order on 12/13/2019, ECF No. 17. At this conference, Respondent raised concerns regarding handwritten alterations that had been made to Petitioner's massage therapy records. *Id.* at 1. These alterations bear on the disputed issue regarding whether Petitioner's injuries pre-dated her vaccination. *Id.*

This case was transferred to me on January 29, 2020. ECF No. 23. On February 26, 2020, Respondent filed his Rule 4(c) Report, stating that "this case is not appropriate for compensation under the terms of the Vaccine Act." Resp't's Rep. at 1, ECF No. 24. Contemporaneous with his Report, Respondent filed a status report noting several instances where the massage therapy records were altered. ECF No. 25. Respondent stated that:

> It is not credible to [R]espondent that Ms. Rosenblum would have consistently, on numerous occasions over the course of months and years, incorrectly documented that [P]etitioner was complaining of left arm pain if, in fact, she was instead complaining of right arm pain. Respondent therefore asks the Court to ignore the alterations made by Ms. Rosenblum and find that the records as originally written, contemporaneously at the time of treatment, are reliable and controlling.

ECF No. 24 at 3. Respondent further stated that, "In the event [the] Court believes it is necessary to further develop the factual record before making a ruling on this issue, then [R]espondent requests a fact hearing and the opportunity to question both [P]etitioner and Ms. Rosenblum." *Id.*

On June 16, 2020, I held a status conference in this case. *See* Scheduling Order on 6/16/2019, ECF No. 28. I explained to Petitioner's counsel, Ms. Durant, that I had concerns regarding the alteration of Petitioner's massage therapy records (Exs. 5, 6, and 8) and would like to examine these records myself. *See id.* I therefore asked Ms. Durant to mail original copies of these records to my chambers. *See id.* Ms. Durant agreed. *See id.* On July 16, 2020, Petitioner filed electronic versions of these original massage therapy records. Exs. 12-14. On August 12, 2020, my law clerk reached out to Ms. Durant to ascertain the location of the original records, as they had not yet been received by my chambers. *See* Informal Remark of September 28, 2020. Ms. Durant stated that the "records were mailed via first-class US mail and were hand delivered by myself to the US post office." *Id.* To date, these original records have not been received.

On September 25, 2020, I held a status conference in this case to discuss the altered massage therapy records. *See* Scheduling Order on 9/28/2020, ECF No. 31. I informed Ms. Durant that I did not find the alterations credible and I was inclined to credit the records as originally written as reliable and controlling. *Id.* at 4. I further informed Ms. Durant that, given my skepticism regarding the alterations, I did not afford much weight to Ms. Rosenblum's corrections. *Id.* Ms. Durant indicated that even with the altered massage therapy records, Petitioner believed that enough evidence existed to pursue her case. *Id.* Ms. Durant asked to file an expert report in order

2

to further Petitioner's case. *Id.* Respondent's counsel indicated that, regardless of the filing of any expert reports, he would be filing a good faith/reasonable basis objection in this case. *Id.*

In the order following this status conference, I indicated that the veracity of the massage therapy records needed to be ascertained prior to the filing of any expert reports. *See* Scheduling Order on 9/30/2020, ECF No. 31. I therefore ordered the parties to file a joint status report regarding their availability for a fact hearing to be conducted in December 2020 where Petitioner and Ms. Rosenblum would be made available to testify. *See id.*

I held a fact hearing on December 8, 2020, via WebEx to determine the date of onset of Petitioner's shoulder pain. Ms. Leah Durant appeared on behalf of Petitioner and Mr. Voris Johnson appeared on behalf of Respondent. I heard testimony from Petitioner, Lisa Rosenblum, Jeffrey TeHennepe, Erin Short, Karen Brummer, Patricia Johnson, and Vicky Tataryn.

After the fact hearing, I asked Petitioner to file additional documentation. On January 25, 2021, Petitioner filed her text messages with Ms. Rosenblum, her emails with Ms. Rosenblum, and checks that she wrote to Ms. Rosenblum. Exs. 23-29, ECF No. 46. Petitioner also filed the records currently possessed by Ms. Rosenblum as Ex. 30.

On March 1, 2021, the parties filed a joint status report indicating that the record was complete for a determination on onset. ECF No. 48.

On March 3, 2021, I issued findings of fact regarding onset. ECF No. 49. I found that "The preponderance of the evidence establishes that Petitioner consistently received treatment for left arm pain in the years prior to her vaccination; and further, that Petitioner presented to Ms. Rosenblum for massage therapy treatment on October 2, 2017. Petitioner's left arm pain preceded her October 11, 2017 vaccination." *Id.* at 13.

On March 15, 2021, I held a status conference with the parties to discuss my findings. *See* Scheduling Order on 3/15/2021, ECF No. 50. Ms. Durant requested seven days to discuss my findings with her client and to file a status report on how she would like to proceed. *See id.*

On March 22, 2021, Petitioner filed a status report stating she intends to file a motion to dismiss her claim. ECF No. 51. On March 24, 2021, I ordered Petitioner to file her motion to dismiss by March 31, 2021.

Petitioner filed the instant motion on March 31, 2021, stating "An investigation of the facts and science supporting her case has demonstrated to petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." Pet'r's Mot. at 1, ECF No. 52.

## II.     Conclusion

To receive compensation in the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be

supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed. § 11(c)(1)(A).

As such, **IT IS ORDERED THAT**,

Petitioner's motion for a decision dismissing her petition is **GRANTED** and the petition is hereby **DISMISSED. The Clerk shall enter judgment accordingly.**

Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master

4